W. L. WINGO v. THE STATE.

No. 4030.   Decided February 26, 1908.

**Local Option—First Application for Continuance.**

Where upon trial for a violation of the local option law, the motion for continuance, being the first application, showed that the testimony of the absent witness, was that the prosecuting witness drank several times out of a jug, on the same day, with said absent witness, which jug contained whisky, the main prosecuting witness having testified that he became intoxicated on the liquid sold by defendant, the motion should have been granted.

Appeal from the County Court of Haskell.   Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty-five days confinement in the county jail.

The opinion states the case.

*W. H. Murchison,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $100 and twenty-five days confinement in the county jail.

Appellant filed his first application for a continuance for the want of the testimony of absent witnesses by whom he proposed to prove in legal effect, that the liquid sold by the appellant was not an intoxicating liquor.   The bill of exceptions presenting this matter shows that the original indictment was lost and instead of substituting, on the 8th day of July, 1907, the county attorney filed a complaint and information.   This case was tried on the 10th of July, 1907.   Furthermore, by one of the absent witnesses, appellant expected to prove that he drank with the prosecuting witness several times out of a jug with a quantity of whisky in it, on the same day he testifies that he became intoxicated on the liquid sold by appellant.   Even waiving the question of diligence, which we think was sufficient, we think the testimony is not only material but probably true in the light of this record; or at least, the record does not render it improbable and the court erred in not granting same, and certainly erred in not granting a new trial on account thereof.

We do not deem it necessary to pass upon the other questions.   For the error of the court in refusing a continuance in this case, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*